Good morning, Your Honor. May it please the Court. My name is Stephen Redshaw, and I represent Itex Corporation, the appellant, Ms. Mack. This case presents the question of whether the 30-day time limit in Section 28 U.S.C. 1447C applies to a remand motion based on a contractual form selection clause. And it comes down to the meaning of the word defect. It certainly does. The facts are straightforward. The case was filed in state court. It was timely removed. Thirty-two days after the notice of removal was filed, a motion to remand was filed based on the contractual form selection clause in the contract between the parties. Now, in addressing the remand motion, the District Court was faced with a threshold question concerning the scope of Section 1447C. And I'm sure you're familiar with it, but that particular language states that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. So that's the 1996 version of 1447C. Now, the courts made an initial conclusion, which I believe is correct and it's not on appeal, that subject matter jurisdiction was not an issue. It had no lack of subject matter jurisdiction. So that narrowed it down. Is there a defect other than subject matter jurisdiction? And then again, the court's analysis focused in, as you've mentioned, on the term defect. Now, in trying to interpret and define the term defect, the District Court first looked to prior decisions by this Court, in particular the Pelport and Ferrari decisions, and noted that under those decisions, which interpreted a prior version of 1447C, this Court had held that a remand motion based on a contractual form selection clause was not within the scope of 1447C. And therefore, under the Thermtron Supreme Court decision, it was not subject to the 1447D bar on appellate review. Now, the court in District Court, I believe, placed too much emphasis on the Pelport and Ferrari cases, first of all because they're interpreting a prior version of the section 1447C, but also because that prior version was very different. It was different from the 1996 version. What about Snapper? Why is Snapper wrong? Because I think in order to get where you want to get, Snapper's got to be wrong. I would agree. You would have to reject the analysis in Snapper. I believe Snapper's wrong because it presents, it's based on a definition of the word defect that is too narrow. And in particular, the Snapper court looks at defect and they define it. They look through the dictionary meaning and they say, defect means the want or absence of some legal requisite. It's the absence of something that needs to be there. And I believe that's too narrow because a defect, something can be defective if there is something additional, the presence of something objectionable. For example, the presence of a forum defendant can be a defect. And the Lively court, this court has held in Lively, that the forum defendant rule is in fact a defect and it is subject to the 30-day time limit. So I also believe that the Snapper court's conclusion, and I'm going to quote from Snapper. It says, The 1996 amendment, quote, has no effect on the scope of remands authorized by section 1447C. I believe that is an incorrect statement of law. And I believe it's contrary to this Court's decision in Lively, where the Court held that the purpose of the 1996 amendments was, in fact, to expand the scope of 1447C to include remand motions that are based not just on procedural defects, but on defects that are more substantive. So why didn't Congress say it? Well, there certainly is a simple way to say what you think they said, isn't there? I believe they did say that. But they use the word defects, though. Yes. Okay. But then the next question is what does defect mean? It does. But you want it to mean, or not, something that the ñ dealing with forum selection clauses. So why didn't they just say? I mean, they could say it in a ñ they could have chosen other language. They had the ñ given that it was an issue, given that Senator Hatch said one thing and then the House said something else and that they're ñ you know, you look at the legislative history, it's not quite clear. I mean, you could reject the snapper analysis by saying, you know, they misread the legislative history in this case. But at best, you come up, I think, with an ambiguity as to what is the legislative history, people taking different positions. But certainly, if you're right, there's a simple way of saying it, and they didn't say it. Well, I guess if there would be a simple way of saying it, if the ñ when Congress was amending 1447C, they wanted to address specifically forum selection clauses. But I think they had a broader intent. They wanted to address specifically the forum defendant issue, which had created a circuit split. So they had that. But they want ñ there's no indications in the legislative history that that is all they intended to do. And that's another issue I have with the snapper decision. In essence, snapper reads the 1996 amendment as dealing solely as internally inconsistent because what ñ well, actually, it may not be inconsistent. What they say is it was intended to clarify the prior version and to clarify that the 1447C. So I also ñ another issue that I have with snapper is that there's no attempt to explain why a waiver, which is a waiver of the right to remove, which is really what a contractual forum selection clause is. It's a waiver of the right to remove from state court to federal court. There's no explanation as to why a waiver, a contractual waiver, should be treated differently from a waiver of the right to remove that's based on conduct in the state court. No reason except maybe the wording of the statute. Pardon me? No reason except perhaps the wording of the statute. Well, the ñ if it were ñ if the word defect is as narrow as ñ As snapper thinks it is. As snapper intends. Yeah, yeah. Now, I think one other problem that I have with snapper is that when it talks about the It always lumps together forum selection clauses, abstention, and supplemental jurisdiction, and says it's just common sense. It's a common sense reading of the statute that Congress didn't intend to apply the 30-day limit to remand motions based on abstention and supplemental jurisdiction. And I think that's true. But it's ñ I believe it's not an accurate reading of intent, and it's not necessary to say that they had no intention of applying the 30-day limit to a motion based on a contractual forum selection clause. Yeah. You know, I entirely agree with you with respect to 1367, as to say a remand of the state court claims after you've disposed of the federal claims. You're not going to know until very late on, well after 30 days, whether that remand of the supplemental jurisdiction claims is appropriate. I understand that. I'm not entirely sure that's true with abstention. A lot of the times, abstention, you'll know. And you'll have plenty of time within 30 days to file your motion. I think you're right. And it's an important point, because I believe this, with respect to abstention and supplemental jurisdiction, that's where this term, defect, has continuing importance. But can I just interject, because you had me going on the notion, as I understood your argument, that in response to Judge Breyer, that they didn't need to single out the forum selection clauses, because they wanted the word defect to speak broadly. If that's true, then now you're backing off that, because now you're saying, oh, well, defect, if it's going to be read broadly, there's room to say, but not abstention, not supplemental jurisdiction. You're backing away, and what you're doing is saying, now you've got to isolate on forum selection clauses. Which, it seems to me, gets back to Judge Breyer's point. It's either they could be very specific or they could be very general, but then what principle do we apply to decide which one they had in mind? I think it comes down, again, to the word defect. What did they mean by defect? And did Congress intend the word defect to apply to forum selection clause and analyze that? Did they intend it to apply to discretionary actions, discretionary remands? And I think that's an important point, because with respect to a remand based on abstention or a remand based on supplemental jurisdiction, it's not that there's something wrong with the removal. The court can say, I'm going to keep it, or the court can say, I'm sending it back to state court. It's not that there's something wrong. There's no defect. And I think that's an important point to keep in mind. It's an exercise of discretion. So the court wouldn't be, there's not a right or wrong decision. It's simply an exercise of discretion. Well, I mean, you have a lot more confidence in forum selection clauses than I have. I mean, I've seen a lot of forum selection clauses where it's not quite clear exactly what they mean. Yeah. It can be filed here. Does that mean that it can't be filed elsewhere? Are we talking about exclusivity? Are we not? You know, what about the claims? I mean, it gets, it's not so clear. It's not so clear. And as the present status is, of course, the present way of, at least in the past for interpretation, is whatever decision the judge makes, the trial court judge, it is reviewable, right? That's correct. Okay. But under your theory, it would not be. That's correct. Well, you know, I mean, that's, as a trial judge, I might welcome that. But as an appellate court judge, I don't know that that's really good, a good procedure. But I think that's a decision that Congress has made, though, because there are other issues. Well, if it is, then that's the problem. So you say, well, how do we know what Congress said? Other than just saying, what does a defect mean? And then you look and you see Senator Hatch saying one thing, you see other people saying another thing. And that's a process that becomes, that's a sticky, sticky process, isn't it? It's not so clear, is it? Is the legislative history so clear? Well, the legislative history is not absolutely clear because all they do is, in essence, is restate what they've said in the amendment itself. And so I think what you can take away from that is that they meant what they said. Let me just ask this question, then. Give me an example of a defect in addition to the form selection clause that you would fit within it. The Lively Court actually gave some of those definitions, a violation of what the court called non-removability statutes. So, for example, it's a statutory prohibition on removing a case from state court when the case arises under the State Workers' Compensation Law. The Jones Act case. There's several of them. The Jones Act case and the Saving the Suitors case. There's also a prohibition on removing a case that arises under the Violence Against Women's Act, and that's in 1445. Yeah, Fela cases, I think, too. So those types. I also think that the situation I mentioned previously, where there's been a waiver in state court by filing a motion to dismiss or litigating at some point, you're not happy with the way things are going, so you remove. That's a decision, not a removal procedural decision. That's a substantive decision on waiver that I believe would be subject to the 30-day limit. You know, one of the things that strikes me about this statute and its repeated amendments is that they keep trying to get it right. In a way, I don't think they've got it right even now, because I think you have a very good point that it really makes no sense to have an idea simultaneously that remand based upon a form selection clause is reviewable on appeal, but not to have any time limit whatsoever, which is where we are if Snapper is right. That's nuts, because the form selection clause is there. Why not have a time limit? Yeah, I believe that's accurate. But what I want to say is that may be where we are, and I'll say something that's in a sense irrelevant, but to me slightly relevant. Charles Wright, of course, the author of the Wright-Miller Treatise, served on a revision of the Federal Judicial Code project at the ALI with me some years ago. I was on the advisory committee, and he was at the front, and I was in the back. But he made a comment. For years, he did a lot of sort of consulting practice when he was at the University of Texas. I had no more single category of appellate questions or consulting questions than removal. He says that statute and the variations on that statute has been complicated and tangled for years. And I think this is just one more example of it. We've got a conundrum. You've got a point, and they've got a point. And here is what I would suggest, and suggested in the briefing, is a fair interpretation of the statute as it stands right now. It would apply, the 30-day limit would apply to a forum selection clause, and the 30-day limit would not apply to abstention and supplemental jurisdiction. I think that's absolutely the right statute, and I wish it were this statute. Okay. And I think that's – but I don't think we have – you have to impose your own interpretation or policy setting. I think that with the language that we are presented with in the 1996 amendment, there is an absolutely rational basis to get there, and it's based on defense. Why don't we hear from the other side?  Thank you, Ron. Good morning. May it please the Court? I'm Nicole Winters, representing Bruce Kamm and Envision Limited. So as you've noted, this – the question today is really, what does defect mean in Section 1447? And does it mean defect or, as Appellate was suggesting but I think now has kind of changed, originally it seemed like they were suggesting it meant any reason. It's anything other than it appears now except for abstention and supplemental jurisdiction is the interpretation that they're supporting. Well, I think his principle, so you can address it, was a little more – somewhat more refined. He suggested we could make the cut based on whether or not there was discretion involved, but if it's flat out clear from the get-go that removability is precluded for whatever reason, statutory or contractually, then that ought to be subject to a 30-day limit. And things that depend on exercise of discretion that may evolve beyond 30 days, that would be the dividing line. And I think with that, as Judge Breyer is – I'm sorry. With that, it's not get clear from the get-go that a form selection clause would be a defect. That's a substantive interpretation on the merits of contract law outside of removal. So the defect is the removal. Well, that doesn't mean it has to be decided in 30 days. It just means it has to be raised in 30 days to put the issue on the table, isn't it? I think in terms of whether that would fall under the word defect, looking at what would – what did Congress mean by defect? What was – Congress made this amendment after – Well, now, wait a minute. Your answer to Judge Fischer is right. It only has to be filed within 30 days if you decide it whenever. Right. I mean, yes, if – You said it wasn't clear from the get-go. I'm not – he wasn't arguing that either. What he was saying is that it's clear that you have the basis for it from the get-go. Your position that – or their position that it's barred by a contract provision doesn't depend on anything else. It just – it's just like looking at a statute. Look at the contract. You can say this does not – I think this is the basis for saying it's a defect, and you can bring it in. The others, you may or may not, and it depends on how facts evolve. But you've got the elements. That's, I think, what he was trying to say. But your argument would be, well, you know, let's – yes, in a single – you have a piece of paper, there's a single forum selection clause, that's the only issue, fine. But frequently you'll have a series of contracts, a series of agreements, a series of incorporation by reference into other agreements, union contracts, so forth and so on. And buried within a lot of those documents, depending on the particular relevance and the connection between those documents or among those documents, the forum selection clause may be dispositive or it may not be. And so you don't – it's not so easy to try to figure out whether the forum selection clause is the operative clause within which – or operating that you have to then keep it in one place or move it to another. But I don't make – I mean, that's an argument, but is that – You wouldn't want to make that argument because it wouldn't persuade me. It's only a statute of limitations, right? Not a statute of decision. And the argument is looking at, you know, what is a defect? There are many different statutes that – and what did this amendment do? There's many different statutes that set out legal requisites for removal. And I do agree that they could be the absence of or presence of something that would run afoul of those statutes. And the confusing part about defect in removal procedure was that courts were just looking at Section 1446, which is titled Removal Procedure, and saying, okay, if there was a violation of this, then that's what the statute covers. And other courts were saying, but what about 1441 and forum defendant, and we've got to try to fit that into removal procedure, and that's where the confusion was. There wasn't confusion about defect. Every single circuit court was saying forum selection clauses are not defects. They are substantive decisions. They're not – they're separate from removal. So the question – and as this Court discussed in Teleport, we want them to be separate. We want them to be reviewable. We want them to be outside of 1447C because Congress didn't intend to prohibit people from having that type of substantive decision. But your reading of the statute, given the combination of it is reviewable, under your reading of the statute, instead of non-reviewable as the defects are, it is reviewable and raisable at any time. So under your reading of the statute, there is absolutely no time limit for making a remand motion based upon a forum selection clause, even though it was crystal clear from the moment that complaint was filed that you had that basis for remand. I disagree that there's no time limit. As the Foster Court, the Third Circuit discussed, the Court has discretion to deny as unreasonably late. But there's nothing in the statute. It's got to be something the district court independently figures out by scheduling order or something else. Right. And there are cases where courts have denied remand within the 30 days for issues such as taking an affirmative action in the federal court. And so even though it was within the 30 days, the Court has discretion to deny that for things such as waiver by taking affirmative action. And Foster talked about the discretion to deny as unreasonably late. And those sort of considerations aren't present in this case, as it was 30-few days. Foster noticed 54 days. Do I understand? This is not a case of extraordinary lateness. But your reading leaves it open that it may well be, you know, they may make it two years down the road, and the district judge is going to have to sort of make it up in terms of why the district judge thinks it's too late. Certainly he can't rely on any statutory limitation period. No, but there's, I think, a lot of case law the district court can rely on if it's too late. And, you know, at this court notice. I mean, district court judges do that all the time. When they grant supplemental jurisdiction and so forth, they go down the road and they finally get rid of the federal claim. And then they have to sit and think, is it a good idea to send it back to state court? And so they can or they don't have to. Actually, in my experience, they don't sit and think about it at all. They always send it back to state court. I wish that were the case. To the extent that there is, yes, it does open some delay. And as I'll quote from the Pelleport decision, any delay caused by an appeal of the contract issue is a delay that must be countenanced. To apply 1447D to the district court's decision would extend the scope of 1447D far beyond its intended parameters and would leave matters of substantive contract law unreviewable. We refuse to impose such an intent to Congress. And that holds true with the current version as well, although Pelleport was interpreting a previous version. This issue that it's a balancing. Earlier in that decision, the Court is saying it's a balancing. And so we want things to move quickly and we don't want unreasonable delays. But you then have to balance that with, you know, do we want substantive interpretations on the merits of contract law to be reviewable? And looking at the language, as Snapper said, you look at the language and nothing in this language mandates that you have to include forum selection clause. It keeps defect. It's a little unclear how the, you know, the interpretation of they intended just by dropping in removal procedure to completely overturn decades of unanimous case law, you know, as both the Second Circuit and the Eleventh Circuit have said, they would, you know, Congress would have made that a little more clear. The First Circuit said it, too. The First Circuit said it. Oh, in underwritten? In following Snapper. Right. They said that there was a way that if, in fact, it would, that's what Congress intended to do, they could have done it much simpler. Right. And they said 1447 A and B basically takes care of the problems. Right. They actually kind of ignored 1441 there, the forum defendant rule. And, you know, I think Snapper gets it right. I mean, they did a very thorough analysis, which is why many subsequent courts have sort of referred to Snapper without going through the entire process. But, of course, Snapper wasn't presented with the problem that we have. That is to say, the motion was made, Snapper, within 30 days, right? Correct. So they decided it, but without deciding our case quite. Correct. But their holding was, you know, very clear that this was outside, and so had it when, and the, you know, even the Third Circuit in saying it's expanded it. So I know there was some issue that perhaps Snapper took too narrow of a view on what the amendment did. And the Third Circuit in Cook says, you know, we recognize this is an expansion, and it changes a lot of our discussion. It renders obsolete a lot of our discussion, but not our holdings. And it expressly says Foster, which was a forum selection case. Foster, the holding, stays valid, that it's outside of 1447C. And that's the points I wanted to make. If you have further questions. Okay. Thank you. Thank you very much. Would you like a minute? Can I ask a question, though, before you get into it? Let's say I make a, I'm a trial court judge, and I make a mistake about the forum selection. I say, yes, it's over there, and goodbye case. That's just not reviewable. So is that right? That's your position? I would agree that the decision would be non-reviewable. It goes back, and it would, it is. So if I'm absolutely mistaken, it's absolutely dead wrong, and I then have denied the person, the party, the federal forum, to which a correct interpretation of the law would be that it ought to sit. And so it goes back to the state court. That's exactly correct. A wrong decision on a forum selection clause. And it's not reviewable by the state court, is it? No, I don't believe so. It would be treated the same way as a wrong decision on the jurisdictional amount or a wrong decision on the forum defendant rule or a wrong decision on waiver in the state court. And the Congress had to balance that. What are we going to do? Where did they do that balancing? I think they balanced it by stating, when they enacted the 30-day timing. By just inferring from the word defect? Yes. I believe they made that decision. They said, there are going to be district courts who get it wrong, but we have to very few, very few. At least not in the northern district. Theoretically, it is possible. But in those cases. Don't you think if they were changing the rule on forum selection clauses, which was out there, when you say they weighed it in the balance, that there would be some reference to it? It's a little strange to say Congress weighs things and then is sort of bootstrapping the interpretation of the word. We don't know whether they weighed it because we don't know that they even decided it was on their mind. You're correct. The snapper and the lively court both note the legislative history is sparse, to say the least. Except for Senator Hatch tried his best. But I think they must have weighed it. Again, a common sense. Because prior to the enactment of the 1988 version, when they inserted this 30-day time limit, the prior to that, at least for the time limit, the reasonableness standard was the one that was applied. So they could, the district court could grant or deny a remand motion based on the timing, whether the district court felt it was raised in a reasonable time and manner or not. And Congress felt that that was too much uncertainty. And the policy of resolving forum choices early on in litigation outweighed the policy of having appellate review for every potentially wrong decision. Usually we say reserve that argument for the jury. I would not make that argument here, but I might. We might end up saying make that argument to Congress. We have a difficult statute. I can absolutely concede that. Yeah, I agree with that. That's all I have unless you have any further questions. No, I want to thank both of you. It was a nice argument, a tricky problem and a very nice argument on both sides. Thank you. Nice way to end the day for us. With good arguments. Cam versus Itech. Yeah. Well, there are a lot of other people. I'm surprised Congress wasn't here. You know, they were scalping tickets outside for this last argument. You care about it. If you had a forum selection clause you wanted to have. Cam versus Itech submitted for decision. We're in adjournment for the day. We'll reconvene tomorrow morning at 830. Thank you.
judges: Fletcher, Fisher, Fletcher